[No. 15791.   Department Two.—April 22, 1895.]

ALFRED W. McQUEEN, Appellant, v. MECHAN-
ICS' INSTITUTE, Respondent.

Negligence—Falling of Piled Lumber—Carelessness of Fellow-serv-
ants—Presumption.—Where boards were piled by workmen, of whom
the plaintiff was one, without direction in what mode they should be
piled, or how high, and the pile toppled over, to the injury of the plain-
tiff, the presumption is that the accident occurred through the care-
lessness of the plaintiff and his fellow-servants.

New Trial—Visit of Jury to Premises—Conflicting Evidence—Juris-
diction of Court.—The fact that the jury visited the premises to
enable them to understand the evidence introduced on the trial cannot
deprive the court of its jurisdiction to grant a new trial, which it should
do, notwithstanding a conflict in the evidence, if fully convinced that
the verdict was wrong.

Appeal from an order of the Superior Court of the
City and County of San Francisco granting a new trial.

The facts are stated in the opinion of the court.

*Boone & Schlesinger*, for Appellant.

The court abused its discretion when it granted a new
trial on the ground of insufficiency of the evidence, as
the testimony the jury obtained in its visit to and exami-
nation of the premises may have been the basis of the
verdict. (See Code Civ. Proc., sec. 1954; Hayne on
New Trial and Appeal, sec. 98, p. 273, note.)   Plaintiff
was working under the supervision and control of de-
fendant's employee, who was not a fellow-servant with
the plaintiff, but was, more properly speaking, a vice-
principal, for whose acts the defendant is responsible.
(*Ellidge* v. *National City etc. Ry. Co.*, 100 Cal. 282; 38
Am. St. Rep. 290; *Burns* v. *Sennett*, 99 Cal. 363; *Davis*
v. *Southern Pac. Co.*, 98 Cal. 24; 35 Am. St. Rep. 133;
*Ingerman* v. *Moore*, 90 Cal. 410; 25 Am. St. Rep. 138.)

*Edward J. McCutchen*, for Respondent.

To obtain a reversal of the order granting the motion

for new trial the appellant must establish not only that there was not a substantial conflict, but that the court below, in granting the motion, was guilty of an abuse of discretion, neither of which he has done. (*Breckenridge* v. *Crocker*, 68 Cal. 403; *Mullins* v. *Wieland*, 68 Cal. 231; *Pierce* v. *Schaden*, 55 Cal. 406; *Bronner* v. *Wetzlar*, 55 Cal. 419; *Blum* v. *Sunol*, 63 Cal. 341; *Bennett* v. *Hobro*, 72 Cal. 178; *Minturn* v. *Bliss*, 77 Cal. 90; *Sharp* v. *Hoffman*, 79 Cal. 404; *White* v. *Merrill*, 82 Cal. 14; *Buell* v. *Emerich*, 85 Cal. 116; *Domico* v. *Casassa*, 101 Cal. 411; *Cole* v. *Wilcox*, 99 Cal. 549; *Bjorman* v. *Fort Bragg etc. Co.*, 92 Cal. 500.)

THE COURT.—This action was brought to recover damages for personal injuries received by plaintiff while in the employ of defendant. Plaintiff recovered a verdict, and the court granted a new trial. From this order plaintiff takes this appeal.

Plaintiff's foot was crushed by the falling of a pile of boards which he and his fellow-servants were storing in the cellar of the Mechanics' Pavilion.

The boards were passed down through a hatchway and put on a hand-truck and then taken to a place in the cellar, where plaintiff and a fellow-laborer lifted them from the truck and piled them. A pile which they had built up about five feet toppled over and injured plaintiff. The work is not inherently dangerous, and no one was directing in what mode the planks should be piled, nor how high. Naturally, therefore, the presumption would be that the accident occurred through the carelessness of the workmen.

Plaintiff contends that the defendant was negligent, because there were cleats upon some of the boards, of which the workmen were not informed, which cleats caused the pile to be unsteady and liable to fall. Also because the cellar was not sufficiently lighted.

If the cellar was sufficiently lighted plaintiff could have seen the cleats on the boards, and could also have seen if the pile was uneven or unsteady. The amount

of light in the cellar was, therefore, a very material question.

The trial court concluded that there was sufficient light in the cellar and that the accident occurred through the negligence of plaintiff and his fellow-servants, and it cannot be denied that there was evidence tending to support that view.   But the jury was allowed to visit the cellar, and counsel contend that therefore they had evidence which is not and could not be in the statement on motion for a new trial.

The purpose of allowing the jury to visit the premises was to enable them to understand the evidence introduced on the trial.   Upon such evidence we must presume their verdict was based.   The fact that the jury was allowed to visit the premises cannot deprive the court of its jurisdiction to grant a new trial.   This it should do notwithstanding a conflict in the evidence, if fully convinced that the verdict was wrong.

The refusal of the court to grant a nonsuit is of no moment.   Had there been no additional testimony the court could change its ruling at any time during the trial.   But there was further testimony in defense and in rebuttal.

If, as suggested by appellant, some of the instructions were erroneous, that fact might constitute an additional reason for granting a new trial, but it is no reason for setting aside an order awarding a new trial.

The order is affirmed.